Matthew S. Brahana (WSB No. 6-4290)
FABIAN VANCOTT
215 South State St., Suite 1200
Salt Lake City, Utah 84111
Phone: 801-531-8900
Fax: 801-596-2814
mbrahana@fabianvancott.com
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| NICOLE SLOAN, an individual, | |
| Plaintiff, | **DEFENDANT'S REQUEST FOR REMOVAL** |
| v. | |
| REDI SERVICES, LLC, a Wyoming Limited Liability Company, | Civil No.: |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Redi Services, LLC

("Redi Services"), hereby requests removal to the United States District Court for the District of

Wyoming, of the following case pending in the Third Judicial District Court, County of Uinta,

State of Wyoming:

*Nicole Sloan, Plaintiff, v. Redi Services, LLC, Defendant*, Civil No. 2022-328 (the "State

Court Action").

In support of this Notice of Removal, Redi Services submits the following:

Request for Removal– Page 1

## STATEMENT OF GROUNDS FOR REMOVAL

### I.    TIMELINESS OF REMOVAL

1.    Upon information and belief, on or about October 15, 2022, Plaintiff Nicole Sloan ("Plaintiff") instituted the "State Court Action."

2.    Counsel for Redi Services was provided with an emailed copy of the Complaint on October 17, 2022.

3.    Redi Services' filing of this Notice of Removal is timely because it is within 30 days of formal service of the original Complaint as provided for in 28 U.S.C. § 1446(b).  *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 119 S. Ct. 1322, 1328-29 (1999).

4.    A copy of all state court process and pleading documents are attached as **Exhibit A**.

### II.    FEDERAL QUESTION JURISDICTION

5.    According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6.    This action is one in which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1331.  Section 1331 states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.    The allegations in the State Court Action Complaint arise or turn on some construction of Title VII ("Title VII") (42 U.S.C. § 2000e) of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978 ("PDA") and the Family and Medical

Leave Act ("FMLA") (29 U.S.C. §§ 2601-254). *See* Complaint, at 1, 32-36, attached hereto as Exhibit A.

8.    Title VII, the PDA, and the FMLA are federal statutes, and thus, this Court therefore has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and removal to this Court is proper pursuant to 28 U.S.C. § 1441(a). *Doll v. U.S. W. Commc'ns, Inc.*, 85 F. Supp. 2d 1038, 1041 (D. Colo. 2000), *aff'd in part*, 60 F. App'x 250 (10th Cir. 2003) ("It is undisputed that this court has original jurisdiction over the race discrimination claim under Title VII.").

9.    The State Court Action also makes claims for breach of an alleged employment contract and allegations regarding defamation. *See* Complaint, at 36-38, attached hereto as Exhibit A.  Both of these claims are so related to the claims brought under federal statute that they form part of the same case or controversy and are inextricably intertwined with the federal issues.

10.    Pursuant to 28 U.S.C. § 1367, the Federal Court has supplemental jurisdiction over any state-law-related claims or arguments asserted in the State Court Action, to the extent any are made, because they are or would be inextricably intertwined with the federal issues raised under Title VII, the PDA, and the FMLA.

11.    Redi Services is the only named Defendant, so consent by any other Defendant is not required.

12.    Therefore, this Court has federal question and supplemental jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

Notice of the filing of this Request for Removal, along with copies of this Request for Removal, are being served upon counsel for Plaintiff and filed with the Wyoming Third Judicial

District Court, Uinta County, in which the State Court Action was originally filed.  Pursuant to Fed. R. Civ. P. 81(c), Defendant will timely answer or otherwise respond to the Complaint, and does not waive any affirmative defenses, including but not limited to those defenses available under Fed. R. Civ. P. 12(b).

WHEREFORE, Redi Services respectfully requests that this action be removed from the Third Judicial District Court, Uinta County, State of Wyoming, to the United States District Court for the District of Wyoming.

DATED 11th day of November, 2022.

FABIAN VANCOTT

 /s/ *Matthew S. Brahana*
Matthew S. Brahana
*Attorneys for Defendant*

Request for Removal– Page 4

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of November, 2022, I caused a true and correct copy of the foregoing document to be served by mailing and emailing a copy of the same, by first-class U.S. Mail, postage prepaid, to the attorneys of record at the address identified below:

> Hunter Christensen
> Cohen-Davis Law, P.C.
> 85 West Snow King Avenue
> P.O. Box 11156 (83002-11156)
> Jackson, WY 83001
> (307) 249-5102
> Attorneys for Plaintiff Nichole Sloan

/s/ *Matthew S. Brahana*