FILED
11:30 am, 9/18/25
Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

NICHOLE SLOAN,

Plaintiff,

vs.

REDI SERVICES, LLC, a WYOMING, Limited Liability Company

Defendant.

Case No. 22-CV-233-ABJ

**ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS, TO COMPEL PRODUCTION OF EVIDENCE, FOR EXTENSION OF TIME, AND FOR ASSISTANCE IN OBTAINING COUNSEL**

**THIS MATTER** comes before the Court on two motions filed by Plaintiff Nichole Sloan: (1) a *Motion for Sanctions and to Compel Production of Withheld Evidence* [ECF No. 100], and (2) a *Motion for Extension of Time and Request for Assistance in Obtaining Counsel* [ECF No. 101] (collectively, the "Motions"). Because the Motions seek related relief and arise from overlapping issues, the Court addresses them together in this single Order.

**BACKGROUND**

The Court begins with a brief summary of the relevant procedural history to provide context for its rulings. On July 3, 2025, this Court granted Defendant Redi Services, LLC's

Motion for Summary Judgment, entering judgment in favor of Defendant and dismissing Plaintiff's claims with prejudice. ECF Nos. 78 & 79.

On July 21, 2025, Plaintiff made a related filing: *a Motion to Reconsider Summary Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and an Objection to Motion for Attorneys' Withdrawal as Counsel*. ECF No. 83. A hearing on the motion to withdraw was held on July 25, 2025. ECF No. 85. Following the hearing, the Court granted Plaintiff's counsel's motion to withdraw. ECF No. 86. Defendant filed its Response to Plaintiff's Motion for Reconsideration on August 4, 2025. ECF No. 90. Plaintiff then filed a Reply in support of her Motion for Reconsideration on August 19, 2025. ECF No. 104. Plaintiff's Motion for Reconsideration is currently pending before District Court Judge Johnson.

While briefing on the Motion for Reconsideration was ongoing, Plaintiff also filed the Motions which are the subject of this Order. ECF Nos. 100 and 101. Defendant filed a Response to ECF No. 101 on September 2, 2025.[1] ECF No. 105.

## ORDER OF THE COURT

### [ECF No. 100 Motion for Sanctions and Motion to Compel Production of Withheld Evidence]

The Court first turns to the merits of Plaintiff's *Motion for Sanctions and Motion to Compel Production of Withheld Evidence*. ECF No. 100. After reviewing the Motion, the record, and the procedural history of this case, the Court finds no evidence that Defendant

[1] The Court notes that Defendant Redi Services' Response to ECF No. 101 was not timely filed under U.S.D.C.L.R. 7.1(b)(2)(A). The deadline to file a response to ECF No. 101 was August 29, 2025. However, Defendant filed its Response on September 2, 2025—three days late. Nevertheless, the Court will exercise its discretion under U.S.D.C.L.R. 7.1(b)(2)(A) to consider the Defendant's Response. This is equitable, as Plaintiff was recently granted similar relief on August 19, 2025, when she was permitted by this Court to file her Reply brief in support of her Motion for Reconsideration one day late. *See* ECF No. 103.

withheld discoverable materials or engaged in any conduct warranting sanctions. Because there is no basis to compel production or to impose sanctions, Plaintiff's motion must be denied in its entirety.

The Court summarizes Plaintiff's allegations to explain why they do not support the relief she seeks. Plaintiff claims that "[o]n June 12, 2025, Plaintiff discovered that substantial evidence she had provided repeatedly since 2020, and 2024-2025 – including payroll records, emails, audio recordings, altered personnel forms, state agency interview records in [sic][2] and documents, and text messages – had not been submitted to the Court." ECF No. 100 at 1—2. She further asserts that Defendant failed to produce certain items during discovery, specifically:

1. Audio recordings from meetings held on May 4, 2020, and May 20, 2020, which Plaintiff claims correspond to transcripts previously produced by Defendant;
2. Three written statements from ExxonMobil employees who allegedly supported Plaintiff's claims; and
3. Statements and complaints provided to Defendant's HR Manager Tracy Richards, Manager Ross Meeks, and Supervisor Lisa George, which were used to justify the November 5, 2019 disciplinary action against Plaintiff for allegations of sexual harassment, unlawful harassment, hostile work environment, and "telling half-truths.

ECF No. 100 at 3. Plaintiff argues that she has been prejudiced because, without these items, she was "unable to fully present her claims or rebut Defendant's narrative," particularly since summary judgment was entered before the Court became aware of this information. *Id*. at 2. Her primary contentions are, first, that her former attorneys failed to

[2] Presumably intended to read – "interview records and documents."

submit critical evidence she had repeatedly provided to them[3], and separately, that Defendant failed to produce certain documents and statements despite its discovery obligations. *Id.*

In ECF No. 100, Plaintiff states that the Court has "inherent powers" to sanction parties and order the production of withheld evidence, asserting that "[s]anctions are appropriate when a party fails to comply with discovery obligations or engages in conduct that abuses the judicial process." ECF No. 100 at 3. Based on these arguments, Plaintiff asks the Court to:

1. order Defendant to produce the evidence identified in her motion;
2. impose sanctions on Defendant for its alleged failure to timely produce this evidence;
3. grant extensions necessary for Plaintiff to review and use the evidence in further proceedings; and
4. award Plaintiff reasonable costs associated with the alleged delay and withholding of evidence.

*Id.*

As explained below, ECF No. 100 lacks any factual and legal support and does not meet the procedural requirements for a discovery related motion or sanctions. Accordingly, the Court denies each of Plaintiff's requests set forth in ECF No. 100. The record contains no evidence that Defendant withheld or concealed the 3 items sought by Plaintiff, nor has Plaintiff identified any specific discovery request with which Defendant failed to comply.

[3] Plaintiff raises several grievances about her former counsel's decisions, primarily concerning documents she wished had been submitted to the Court or produced to Defendant. ECF No. 100. These complaints concern matters of litigation strategy, which are presumed reasonable—even in the criminal context, where a constitutional right to counsel exists. See *Harris v. Sharp*, 941 F.3d 962, 972 (10th Cir. 2019) (noting that "strategic choices" by counsel do not, without more, constitute deficient representation). Such concerns do not justify federal intervention in this civil case and, if pursued, must be raised in a separate forum, such as a malpractice action or bar complaint. Because Plaintiff seeks relief only against Defendant, the Court confines its analysis to the issues properly before it.

Therefore, there is no factual or legal basis to compel production or to impose sanctions. Because there is no basis to compel discovery, there is likewise no basis to grant extensions for reviewing such discovery or to award costs for any alleged delay or withholding of the same.

**A. Plaintiff's Request for Compelled Production**

Plaintiff requests that the Court order Defendant to immediately produce 3 items allegedly withheld: (1) audio recordings from May 2020 meetings; (2) three written statements from ExxonMobil employees that allegedly support her claims; and (3) statements or complaints used to justify Defendant's November 5, 2019, disciplinary action. *See*, ECF No. 100 at 3.

For the reasons explained below, this request must be denied. First, ECF No. 100 does not comply with the procedural requirements of Local Rule 37.1 or Federal Rule of Civil Procedure 37, both of which set forth the proper procedure for raising discovery disputes. Second, even if ECF No. 100 were procedurally proper, Plaintiff has not demonstrated good cause to reopen discovery after the discovery cutoff deadline expired. Finally, ECF No. 100 is untimely, coming nearly four months after discovery closed and weeks after summary judgment was entered.

*(1) ECF No. 100 Fails to Comply with Local Rule 37.1 and Rule 37*

ECF No. 100 fails to comply with the conferral requirements set forth in both the local rules and the Federal Rules of Civil Procedure.

Local Rule 37.1(b) provides:

> Except as otherwise ordered, the Court will not entertain any motions relating to discovery disputes unless counsel for the moving party has first conferred and made reasonable good faith efforts to resolve the dispute with opposing counsel. In the event that the parties cannot settle the discovery dispute on their own, counsel shall jointly contact the assigned magistrate judge to schedule an informal telephonic discovery call.

U.S.D.C.L.R. 37.1(b). Likewise, FED. R. CIV. P. 37(a)(1) requires that a motion to compel include: "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

ECF No. 100 does not include the required certification, nor does the record reflect any attempt to confer with Defendant regarding the alleged discovery dispute. She also did not seek to schedule an informal discovery conference with the Court as required by Local Rule 37.1(b). Because these conferral requirements are mandatory, failure to comply with them is, by itself, sufficient grounds to deny ECF No. 100.

*(2) ECF No. 100 Lacks Good Cause to Reopen Discovery*

Even if Plaintiff had complied with the procedural requirements of the federal and local rules, ECF No. 100 still fails because it was filed long after the discovery cutoff expired. Under FED. R. CIV. P. 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." This good cause standard is distinct from the procedural rules governing discovery motions and requires the movant to show that, despite diligent efforts, the deadlines could not reasonably have been met. *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) ("…requires the moving party to show that it has been diligent in

attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.").

A "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded…." *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014) (quoting *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000)); *see also O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004) ("[a]pplication of the 'good cause' standard preserves the integrity and effectiveness of Rule 16(b) scheduling orders.").

Plaintiff offers no argument or evidence to demonstrate good cause for reopening discovery. ECF No. 100 simply asserts that on June 12, 2025, she discovered her former attorneys had not submitted certain evidence to the Court. ECF No. 100 at 1–2. This grievance relates solely to her own counsel's litigation strategy and decisions and has no bearing on whether she was diligent in seeking discovery from Defendant during the period set in the Court's *Initial Pretrial Order*.

Critically, Ms. Sloan does not identify any specific discovery requests served on Defendant for the 3 items she now asks the Court to compel production of, nor does she explain why she made no effort to raise these issues with Defendant or the Court before discovery closed on April 11, 2025. Instead, she now seeks—after summary judgment has been entered against her—to compel production of items that were available to her throughout discovery without showing that she acted diligently or that the deadlines could not have been met with reasonable effort.

Because Plaintiff has failed to demonstrate diligence or offer an explanation for her delay, the Court finds that there is no good cause to modify the scheduling order under Rule 16(b)(4) and reopen discovery.

*(3) ECF No. 100 is Untimely*

In addition to Plaintiff's failure to comply with the procedural requirements of FED. R. CIV. P. 37 or Local Rule 37.1, and her failure to establish good cause under Rule 16(b) to reopen discovery, the Court finds that ECF No. 100 is untimely.

"While the federal rules do not impose specific timing for filing a motion to compel, courts retain discretion to determine whether a motion 'is too tardy to be considered.'" *King v. IC Grp., Inc.*, 743 F. Supp. 3d 1346, 1356 (D. Utah 2024). When evaluating whether a motion to compel is timely, courts consider several factors, including:

1) the length of time since the discovery deadline expired;
2) the length of time the moving party has known about the discovery at issue;
3) whether the discovery deadline has been extended;
4) the explanation for the delay in filing the motion to compel;
5) whether dispositive motions have been scheduled or filed;
6) the age of the case;
7) any prejudice to the party from whom the discovery is sought; and
8) any disruption to the Court's schedule.

*See Carbajal v. St. Anthony Cent. Hosp.*, No. 12-CV-02257-REB-KLM, 2014 WL 7146185, at *1 (D. Colo. Dec. 15, 2014) (citing *Nw. Territory Ltd. P'ship v. Omni Properties, Inc.*, No. 05-CV-02407-MJW-PAC, 2006 WL 3618215, at *1 (D. Colo. Dec. 11, 2006)). The Court considers each factor in turn.

With regard to the first factor, the operative scheduling order closed fact discovery on April 11, 2025. ECF No. 33. Plaintiff did not file ECF No. 100 until August 15, 2025—nearly four months after the discovery deadline had passed and more than six weeks after the Court entered summary judgment. ECF Nos. 78 & 79. Accordingly, this factor weighs against the timeliness of ECF No. 100. *See Mollinger–Wilson v. Quizno's Franchise Co.*, 122 F. App'x 917, 923 (10th Cir. 2004) (holding that it was not an abuse of discretion to find a motion to compel untimely when filed after the discovery deadline expired).

With regard to the second factor, the Court considers how long Plaintiff has known about the discovery she now seeks to compel. In her motion, Plaintiff states, "[t]hese documents have not been produced in over seven years of Ms. Sloan's involvement with Redi Services, including more than five years covering the Wyoming DWS investigation and her ongoing federal employment case." ECF No. 100 at 2. This statement makes clear that Plaintiff has long been aware of the existence of the 3 items allegedly withheld.

Notably, Plaintiff does not allege that she only recently learned of these 3 items or that they were withheld from her during the discovery process. The only "recent discovery" she references in her motion concerns her claim that she learned on June 12, 2025, that her former attorneys did not submit certain evidence she provided to them. *Id*. at 1–2. Again, that issue relates to her dissatisfaction with her own counsel's litigation strategy—not to the items she now seeks from the Defendant. Because Plaintiff admits she has known about these items for years yet made no effort to pursue them through discovery or timely raise these issues with the Court, this factor weighs against the timeliness of ECF No. 100.

With regard to the third factor, the Court considers whether the discovery deadline was extended. The *Initial Pretrial Order*, entered on May 8, 2024, set the discovery cutoff for April 11, 2025. ECF No. 33. This deadline was never extended, nor did either party request an extension. Because the parties proceeded under the original schedule without seeking additional time, this factor is neutral and does not significantly impact the Court's timeliness analysis.

With respect to the fourth factor, Plaintiff provides no adequate explanation for her delay in filing ECF No. 100. The only reason she offers is that, on June 12, 2025, she discovered her former attorneys had not submitted certain evidence she had provided to them, such as payroll records, emails, and audio recordings. ECF No. 100 at 1—2. This grievance relates solely to her counsel's handling of materials she gave them; it has nothing to do with Defendant's conduct or discovery obligations. Plaintiff does not claim that her former attorneys ignored her instructions to pursue discovery or refused to request documents from Defendant. Rather, her complaint is simply that her attorneys failed to use her materials in her case.

Even accepting her allegation as true, there is a fundamental gap between her attorneys' alleged failure to submit evidence and her current effort to compel production from Defendant. Plaintiff offers no explanation for how her June 12 discovery of her counsel's actions—or inactions—prevented her or her attorneys from seeking the discovery she now requests during the discovery period. Plaintiff does assert in this filing that certain evidence was "repeatedly sought," but there is no indication in the record that these issues were ever actually pursued. *Id*. at 2. This Court never entertained an informal

discovery conference with the parties, and aside from the present motion, ECF No. 100, there were no motions to compel or other filings reflecting any effort to obtain the 3 items from Defendant during the discovery phase.

Instead, Plaintiff now attempts—after summary judgment has been entered against her—to compel production of the 3 items she could have sought earlier, without showing any connection between her former counsel's alleged mishandling of her evidence and her own failure to timely pursue discovery from Defendant. Because there is no coherent explanation for this delay, this factor weighs against finding ECF No. 100 timely.

With regard to the fifth factor, the dispositive motions deadline was May 9, 2025. ECF No. 33. Defendant timely filed its *Motion for Summary Judgment* on April 4, 2025. ECF No. 59. Plaintiff filed a Response on May 3, 2025 [ECF No. 66], and Defendant filed its Reply on May 15, 2025. ECF No. 72. The Court granted Defendant's motion for summary judgment and entered judgment in its favor on July 3, 2025. ECF Nos. 78 & 79.

At this point, all dispositive motions have been fully briefed, decided, and judgment entered. ECF No. 100, filed weeks later, seeks to revisit discovery issues long after the resolution of the case. Courts routinely find such motions untimely when filed after the dispositive motion deadline has passed. *Carbajal, 2014 WL 7146185, at *3* (holding that a motion to compel filed after the discovery deadline and dispositive motions deadline was untimely); *see also Flynn v. Health Advoc., Inc.*, No. CIV.A.03-3764, 2005 WL 288989, at *8 (E.D. Pa. Feb. 8, 2005), aff'd, 169 F. App'x 99 (3d Cir. 2006) ("Many courts have stated that Motions to Compel filed after the discovery deadline are untimely."). Accordingly, this factor weighs against the timeliness of ECF No. 100.

With regard to the sixth factor, the age of the case, Plaintiff initiated this lawsuit on November 11, 2022. ECF No. 1. The case is now entering its third year of litigation, during which the parties have engaged in full discovery, participated in mediation, dispositive motions have been filed and resolved, and judgment has been entered. At such a late stage, reopening discovery would undermine the finality of these proceedings and significantly delay closure of the matter. Accordingly, this factor weighs against the timeliness of ECF No. 100.

With regard to the seventh factor, which considers any prejudice to the party from whom the discovery is being sought, the Court finds that granting ECF No. 100 would result in significant prejudice to Defendant. At this late stage of litigation, forcing Defendant to reopen discovery and expend additional resources would be both burdensome and unfair—particularly where there is no clear indication that the 3 items Plaintiff now seeks could not have been pursued during the formal discovery period. Accordingly, this factor weighs against the timeliness of ECF No. 100.

The eighth factor, disruption to the Court's schedule, also weighs against ECF No. 100. Discovery closed on April 11, 2025 [ECF No. 33], and summary judgment was entered on July 3, 2025. ECF Nos. 78 & 79. ECF No. 100, filed six weeks after judgment and months after discovery ended, would require reopening long-completed proceedings and significantly disrupt the Court's schedule. Weighing the relevant factors, the Court finds that ECF No. 100 is untimely.

ECF No. 100 suffers from multiple, independent defects. It fails to comply with the procedural requirements of Rule 37 and Local Rule 37.1, provides no showing of good

cause under Rule 16(b) to reopen discovery, and was untimely under nearly every relevant factor. For these reasons, ECF No. 100 is **DENIED** in its entirety. Consequently, all related requests for sanctions, extensions of time, and costs are likewise denied.

**[ECF No. 101 – Motion for Extension of Time to Respond and Motion for Assistance in Obtaining Counsel]**

Having resolved Plaintiff's motion to compel and the related requests for sanctions and other relief [ECF No. 100], the Court now turns to Plaintiff's other separate, but related Motion for Extension of Time to Respond and Motion for Assistance in Obtaining Counsel [ECF No. 101]. While some of the relief requested in ECF No. 101 overlaps with the relief denied in ECF No. 100, ECF No. 101 raises three distinct requests for relief stemming from Plaintiff's loss of legal representation. Specifically, Plaintiff asks the Court to:

1. Extend any deadlines necessary to allow Plaintiff to review her case file and prepare filings;
2. Refer Plaintiff to appropriate legal aid or pro bono resources; and
3. Permit Plaintiff to proceed pro se if unable to secure counsel, with reasonable accommodations for her unrepresented status.

ECF No. 101 at 2.

Plaintiff asserts that these requests are made "in good faith and out of necessity," [*Id.*] citing her recent termination from employment on July 11, 2025, which she claims left her "without income to retain private counsel," [*Id.*] and the challenges of living in "a small geographic area where conflicts of interest limit available attorneys." *Id.* at 1–2. Plaintiff contends that granting this relief would ensure she can "meaningfully participate in her own case" [*Id.* at 2.] and would allow this matter to proceed "in an orderly manner while protecting Plaintiff's rights." *Id.*

Defendant Redi Services, LLC opposes Plaintiff's motion in its entirety, addressing each of these three requests separately. ECF No. 105.

First, as to Plaintiff's request to "extend any deadlines necessary to allow Plaintiff to review her case file and prepare filings," [ECF No. 101 at 2] Defendant responds, "Plaintiff does not specify for which deadlines she wants an extension, or for what duration. Accordingly, the request for an extension of any and all deadlines is improper, lacks any basis in the law or applicable rules, and would significantly prejudice the Court and Defendant, who both have a significant interest in process, finality, and consistency." ECF No. 105 at 2. Defendant also points out that this case has already reached final judgment and that Plaintiff has filed numerous post-judgment motions, which have required Defendant to incur significant legal fees. *Id*.

As to Plaintiff's second request in ECF No. 101, that the Court "refer Plaintiff to appropriate legal aid or pro bono resources," [ECF No. 101 at 2] Defendant acknowledges that Plaintiff no longer has legal counsel and states it has "… no objection to, and in fact would prefer that Plaintiff obtain competent legal counsel given that it has incurred substantial legal fees and costs addressing the post-judgment filings Plaintiff has made as a pro se plaintiff … But given the Court's recent summary judgment decision and final judgment, there is no basis in law for the Court to seek to appoint counsel for Plaintiff in this civil matter." ECF 105 at 2.

Lastly, with regard to Plaintiff's request for "reasonable accommodations" to proceed pro se, Defendant characterizes this request as vague and legally unsupported. ECF No. 105 at 2 ("This vague request (which does not specify what accommodations she

seeks), is absolutely contrary to the law.”). The Court now considers each of these three requests separately, starting with Plaintiff’s request for an extension of time.

**A. Plaintiff’s Request for Extension of Time to Respond**

Plaintiff first asks this Court to “extend any deadlines necessary to allow Plaintiff to review her case file and prepare filings.” ECF No. 101 at 2. While the Court acknowledges the challenges Plaintiff identifies—including the recent withdrawal of her counsel and her loss of employment—this request must be denied because there are currently no deadlines pending to which such an extension could apply.

Rule 6(b) of the Federal Rules of Civil Procedure governs requests for extensions of time. Under Rule 6(b)(1)(A), a court may grant an extension for good cause when the request is made before the deadline at issue expires, and under Rule 6(b)(1)(B), a court may extend a deadline after it has expired upon a showing of both good cause and excusable neglect. *Cooper v. Shelter Gen. Ins. Co.*, No. 21-CV-02957-REB-NYW, 2022 WL 1123069, at *2 (D. Colo. Apr. 14, 2022).

Local Rule 6.1(e) further requires that a motion for extension specify any prior requests for extensions, identify any objections, and provide a date certain for the requested extension. Plaintiff’s motion does not comply with these local rule requirements because she fails to identify a specific deadline, propose a new date, or provide the required information about prior requests. Even setting aside these procedural deficiencies, the Court need not decide whether Plaintiff has demonstrated good cause or excusable neglect under Rule 6(b) because, as explained below, there are no pending deadlines to which any extension could apply.

The Court agrees with Defendant that Plaintiff's request is vague and lacks specificity. However, because Plaintiff is proceeding pro se, the Court must make every effort to liberally construe her filings to determine the relief sought. *Cf.* FED. RULE CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed …") (internal citation omitted).

As characterized above, Plaintiff explains that she lost counsel at what she describes as a "critical stage of litigation" and has been unable to secure replacement counsel due to financial and geographic constraints. ECF No. 101 at 1–2. While the Court acknowledges these concerns, it disagrees with Plaintiff's characterization of this stage as "critical," as the docket reflects there are currently no pending deadlines and all post-judgment filings have either been fully briefed or the relevant deadlines have already passed. Accordingly, there is no basis to grant an extension.

Plaintiff's Motion for Reconsideration [ECF No. 83] was fully briefed as of August 19, 2025, when Plaintiff filed her reply. ECF No. 104. Plaintiff's Motion for Sanctions and to Compel [ECF No. 100] had a response deadline of August 29, 2025, which has since passed without further briefing. With respect to the present motion [ECF No. 101], Defendant filed its Response on September 2, 2025 [ECF No. 105], and Plaintiff's deadline to file a reply lapsed on September 9, 2025, with no reply submitted. Likewise, Defendant's post-judgment filings are fully resolved. Its Bill of Costs [ECF No. 81] was briefed completely by August 12, 2025 [ECF No. 98], and its Motion for Leave to File Motion for

Fees and Costs [ECF No. 91] became fully briefed when the deadline for Defendant's reply expired following Plaintiff's August 15, 2025, Response. ECF No. 99.

In short, there are no outstanding deadlines remaining for which an extension could be granted. Granting Plaintiff's request would have no practical effect, and the Court cannot reopen closed briefing schedules *sua sponte*. Because there are no outstanding deadlines remaining in this matter, Plaintiff's request for "an extension of any deadlines necessary" [ECF No. 101 at 2] must be **DENIED**.

**B. Plaintiff's Request for Assistance in Obtaining Counsel or for Pro Se Accommodations**

As discussed above, Plaintiff's motion also asks the Court to (1) refer her to legal aid or pro bono resources and (2) permit her to proceed pro se with "reasonable accommodations" if she cannot secure counsel. ECF No. 101 at 2. These requests arise from the withdrawal of her counsel on July 25, 2025, and her subsequent difficulties in retaining new counsel. *Id*. at 1–2.

As noted above, Defendant does not oppose this request but states that "…there is no basis in law for the Court to seek to appoint counsel for Plaintiff in this civil matter." ECF No. 105 at 2. Based upon the Court's review of ECF No. 101, it is unclear whether Plaintiff is requesting the appointment of counsel or merely seeking information about how to obtain counsel. If Plaintiff is only seeking resources, the Court would direct her to the Wyoming State Bar for assistance. Nevertheless, in keeping with its duty to liberally construe pro se filings, the Court will consider below whether this case warrants the appointment of counsel.

Plaintiff was granted leave to proceed in forma pauperis in this matter. ECF No. 102 (granting IFP motion). Additionally, Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. ECF No. 20 at 2 (*Plaintiff's First Amended Complaint*). Because Plaintiff has been granted leave to proceed in forma pauperis and her claims arise under Title VII, the Court considers whether either of these statutes provides a basis to appoint counsel.

Under 42 U.S.C. § 2000e-5(f)(1), a district court may appoint counsel in a Title VII action. Under 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent a litigant proceeding in forma pauperis in any civil action. Neither statute, however, creates a constitutional right to counsel in a civil case. *See Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII cases); *Lopez v. Salt Lake Cnty.*, No. 2:22-CV-00433, 2022 WL 22899568, at *1 (D. Utah Nov. 30, 2022) (§ 1915(e)(1), cases); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (civil cases generally). When exercising its discretion to appoint counsel in a Title VII case, the Tenth Circuit has instructed district courts to consider four factors:

> (1) the plaintiff's financial inability to afford counsel;
> (2) diligence in searching for counsel;
> (3) the merits of the claims; and
> (4) the plaintiff's ability to present the case without counsel.

*Castner*, 979 F.2d at 1420–21; *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (noting a district court's decision to deny a request for appointment of counsel is reviewed for abuse of discretion.).

Similar factors guide the Court's discretion when deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1). *See Lopez,* 2022 WL 22899568, at *1 (explaining that while there is no constitutional right to counsel in civil cases, courts may appoint counsel for indigent litigants under § 1915(e)(1) and consider factors such as the merits of the claims, the complexity of the issues, and the litigant's ability to present the case). Because the considerations under both statutes substantially overlap, the Court will address the factors together and issue a single determination as to whether appointment of counsel is warranted.

*(1) Financial Ability to Afford Counsel*

Plaintiff contends she is financially unable to retain counsel. She states that she was terminated from her employment on July 11, 2025, leaving her "without income to retain private counsel." ECF No. 101 at 2. Plaintiff has also been granted leave to proceed in forma pauperis in this matter, which reflects the Court's recognition of her limited financial resources. *See* ECF No. 102.

A litigant "need not be destitute to qualify for appointed counsel" under Title VII. *Castner,* 979 F.2d at 1421–22. Rather, the Court should examine whether the plaintiff can hire counsel while still meeting her basic daily expenses. *Id*. (citing *Poindexter v. FBI*, 737 F.2d 1173, 1186 (D.C. Cir. 1984)); *see also Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local #36*, 614 F.2d 529, 531 (5th Cir. 1980) (appointment proper where a party's limited retirement income and "meager assets" were insufficient to both support his family and pay for counsel). Importantly, the financial inquiry under Title VII is "less stringent"

than the showing required to proceed under the general in forma pauperis statute. *See Castner*, 979 F.2d at 1422; 28 U.S.C. § 1915.

Here, Plaintiff's IFP filings reflect that she has very limited resources, no current employment income, and financial obligations that prevent her from retaining private counsel while meeting her basic living expenses. ECF No. 93. Based on this record, the Court finds that Plaintiff has provided sufficient evidence to demonstrate financial inability to afford counsel. Accordingly, this factor weighs in favor of appointing counsel for Plaintiff.

*(2) Diligence in Searching for Counsel*

The second factor considers whether Plaintiff has demonstrated a reasonably diligent effort to obtain counsel. *Castner*, 979 F.2d at 1422 (10th Cir. 1992). While a plaintiff is "not required to exhaust the legal directory," she must show that she made a reasonable effort under the circumstances. *Id*. Factors relevant to this inquiry include the number of attorneys contacted, the availability of employment discrimination counsel in the area, and the plaintiff's own ability or skill in seeking such assistance. *Id*.

Plaintiff has not provided any specific details about her efforts to obtain replacement counsel following her prior attorney's withdrawal. ECF No. 86. Although she asserts that she lives "in a small geographic area where conflicts of interest limit available attorneys," [ECF No. 101 at 2] she does not explain how this has impacted her ability to retain counsel or why competent representation could not be secured with reasonable effort. In Wyoming and similar jurisdictions, parties often must travel farther or seek counsel beyond their immediate locale to obtain representation, particularly in specialized matters such as

employment discrimination. Without information on the number of attorneys contacted, the steps she has taken, or any other concrete efforts to secure counsel, the Court cannot find that Plaintiff acted with the requisite diligence. Accordingly, this factor weighs against Plaintiff's request for appointment of counsel.

*(3) Merits of Plaintiff's Claims*

The third factor considers whether Plaintiff's claims appear meritorious. *Castner,* 979 F.2d at 1422. Courts must be mindful that "[t]he indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id*. at 1421.

Here, Plaintiff was represented by counsel through the motion for summary judgment stage of the proceedings, at which point judgment was entered in favor of Defendant. ECF Nos. 78 & 79. This case is distinguishable from matters in an early procedural posture where the court lacks sufficient information to evaluate the strength of the claims. *Cf. Garcia v. Wilson*, No. 1:23-CV-00131, 2024 WL 1973337, at *1 (D. Utah May 3, 2024) ("Further, it is not yet clear whether Mr. Garcia's claims are meritorious."). The procedural history of this case, specifically, the Court's granting of summary judgment in favor of Defendant, indicates that Plaintiff's claims are unlikely to succeed on the merits. ECF Nos. 78 & 79; s*ee also Rucks*, 57 F.3d at 979 (affirming denial of counsel where the record showed "little likelihood of prevailing on the merits"). Accordingly, this factor weighs against Plaintiff's request for appointment of counsel.

*(4) Ability to Present the Case Without Counsel*

The fourth factor considers whether Plaintiff has demonstrated an inability to present her claims without the aid of counsel. This factor is not determinative but may assist the Court in close cases. *Castner*, 979 F.2d at 1421. In assessing this factor, courts examine the complexity of the legal issues and the plaintiff's ability to gather and present crucial facts. *Id*. at 1422.

ECF No. 101 does not identify any specific cognitive, physical, or other limitations that would prevent Plaintiff from litigating her case without counsel. She does ask in ECF No. 101 to proceed pro se with "reasonable accommodations for her unrepresented status," [ECF No. 101 at 2], suggesting that she may lack full confidence or familiarity with the legal process. While these concerns are understandable, they are challenges common to many pro se litigants and do not, standing alone, justify appointment of counsel. *Garcia*, 2024 WL 1973337, at *1 ("Mr. Garcia asks the court to appoint counsel because he has limited knowledge of the law and court procedures. But this is true of most unrepresented litigants and is not a sufficient reason, on its own, to justify appointment of counsel in a civil case."). "While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted [her] in presenting [her] strongest possible case, the same could be said in any case." *Rucks*, 57 F.3d at 979.

The stage of this litigation is now post-judgment, and Plaintiff had the benefit of counsel through discovery, mediation, and summary judgment. This factor weighs against appointing counsel because there is not an ongoing need for factual development or

complex discovery management. *See Castner,* 979 F.2d at 1422 (citing *Hudak v. Curators of Univ. of Missouri*, 586 F.2d 105, 107 (8th Cir. 1978)) (explaining that the stage of litigation is relevant to whether counsel should be appointed and that appointment may be unnecessary once discovery is complete and the plaintiff has demonstrated the ability to litigate independently).

Moreover, Plaintiff's recent filings—including a motion to reconsider [ECF No. 83], motion to proceed in forma pauperis on appeal [ECF No. 92], and notice of appeal [ECF No. 89], reflect that the Plaintiff has been able to navigate post-judgment procedures and advocate for herself without counsel, further demonstrating that appointment of counsel is unwarranted at this time. *Hudak v. Curators of Univ. of Missouri*, 586 F.2d at 107 (affirming denial of counsel where plaintiff's demonstrated control over the litigation); *compare Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local #36,* 614 F.2d 529, 531–32 (5th Cir. 1980) (reversing denial of counsel where plaintiff made repeated, diligent efforts to secure representation, had limited English proficiency, and faced significant financial and procedural barriers).

Considering the four factors, the Court finds that only the first factor—Plaintiff's financial inability to afford counsel—weighs in her favor. The remaining factors weigh against appointment. Neither Title VII nor 28 U.S.C. § 1915(e)(1) creates a right to counsel in civil matters and given the posture of this case and the balance of the factors, the Court **DENIES** the request to appoint counsel for the Plaintiff.[4]

---

[4] To the extent Plaintiff wishes to obtain counsel for her pending appeal [ECF No. 95], she has had since July 28, 2025, to secure representation following the Court's Order granting her prior counsel's motion to withdraw. ECF No.

*Request for "Reasonable Accommodations" to Proceed Pro Se*

Finally, as to Plaintiff's separate request to proceed pro se with "reasonable accommodations," [ECF No. 101 at 2] the Court will continue to construe Plaintiff's filings liberally in recognition of her pro se status, however she is not entitled to special accommodations or exceptions from the Federal Rules of Civil Procedure or this Court's Local Rules. *See Ogden v. San Juan Cnty*., 32 F.3d 452, 455 (10th Cir. 1994) (noting that pro se litigants must follow the same procedural rules as other parties). While courts may liberally construe pro se pleadings, a parties pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (citing several cases for principle that pro se parties must comply with same procedural rules that govern all other litigants).

While Plaintiff is certainly free to proceed pro se, she remains responsible for timely and proper compliance with all applicable rules and deadlines. Accordingly, Plaintiff's request for permission to proceed pro se with special accommodations is **DENIED**.

## CONCLUSION

With both motions resolved, the Court summarizes its rulings as follows.

**IT IS THEREFORE ORDERED** that:

1. **Plaintiff's Motion for Sanctions and to Compel Production of Withheld Evidence** [ECF No. 100] is **DENIED**, including her specific requests to:

86. Plaintiff remains free to retain counsel for purposes of appeal or other future proceedings, and the Court encourages her to reach out to the Wyoming State Bar for assistance in locating potential appellate counsel.

a. order Defendant to immediately produce the withheld documents, statements, and audio recordings identified in her motion;

b. impose sanctions for failure to timely produce this evidence;

c. grant any extensions necessary for Plaintiff to review and use the evidence in further proceedings; and

d. award Plaintiff reasonable costs associated with the alleged delay and withholding of evidence.

2. **Plaintiff's Motion for Extension of Time and Request for Assistance in Obtaining Counsel** [ECF No. 101] is **DENIED**, including her specific requests to:

a. extend any deadlines necessary to allow Plaintiff to review her case file and prepare filings;

b. refer Plaintiff to appropriate legal aid or pro bono resources; and

c. permit Plaintiff to proceed pro se with reasonable accommodations for her unrepresented status.

**IT IS SO ORDERED.**

Dated this 18th day of September, 2025.

Scott P. Klosterman
United States Magistrate Judge