FILED

2:00 pm, 9/18/25

Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| NICHOLE SLOAN,<br>Plaintiff,<br>VS.<br>REDI SERVICES, LLC,<br>Defendant, | Case No. 2:22-CV-233 |

**ORDER DENYING PLAINTIFF'S OBJECTION TO BILL OF COSTS AND MOTION FOR SANCTIONS (ECF NO. 87)**

THIS MATTER comes before us on Plaintiff's *Objection to Bill of Costs and Motion for Sanctions* (ECF No. 87), filed on July 29, 2025. Defendant responded (ECF No. 98) on August 12, 2025. Having reviewed the filings and applicable law, we find that Plaintiff's *Motion* must be **DENIED.**

**BACKGROUND**

Plaintiff Nichole Sloan initially filed this case in 2022, alleging that Defendant Redi Services had, among other things, created a hostile work environment, retaliated against her, and fired her in 2020 because of her 2018 pregnancy. On July 3rd of this year, we granted Defendant's motion for summary judgment on the basis that Plaintiff had not provided sufficient evidence to support any of her claims. *See generally* ECF No. 78. On July 17th, Defendant filed its *Itemized Schedule of Costs*, pursuant to Fed. R. Civ. P. 54

(d)(1), for $3,489.60. ECF No. 81 at 1. Since then, Plaintiff has initiated a flurry of new filings: an appeal, a motion for reconsideration, and this motion simultaneously asking for sanctions against both Defendants and her own counsel, as well as objecting to Defendant's costs. Plaintiff bases this motion on allegations that Defendant submitted fabricated evidence to this Court and that her own attorneys engaged in misconduct.

**ANALYSIS**

All of Plaintiff's claims in this motion fail. Her request for sanctions against all parties suffers from fatal procedural flaws and, separately, is unsupported by the evidence. Her objection to Defendant's costs is also baseless.

We begin with Plaintiff's objections to Defendant's *Itemized Schedule of Costs*. Rule 54(d)(1) states that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Plaintiff first contests Defendant's request for the $402 filing fee on the basis that removing the case to federal court was part of a "coordinated strategy aimed at delaying, obstructing, and concealing evidence." ECF No. 87 at 4. She further objects to the costs related to her deposition – the cost of acquiring the transcript, etc. – on the basis that Defendant mischaracterized her testimony. *Id.* She also contends that Defendant engaged in a pattern of misconduct throughout the proceedings, and that the costs should be denied based on that behavior. *Id.* 5

We find that there is no basis for Plaintiff's objections to Defendant's costs. There is simply no reason to think, nor has Plaintiff provided any evidence to show, that removing the case to federal court was part of a delay tactic or a plan to conceal evidence. There is no evidence of a violation of 28 U.S.C. § 1927. Regarding transcript costs,

Plaintiff has not pointed out a single portion of any of Defendant's briefs that she believes mischaracterizes her testimony. Additionally, as part of our summary judgment order, we examined each of the dozens of pages of Ms. Sloan's deposition transcript that were entered into the record. By our read, Defendant accurately portrayed Ms. Sloan's testimony. We address Plaintiff's additional allegations of Defendant's "pattern of misconduct" in the next paragraph, but we also find no evidence that any misconduct occurred. For these reasons we dismiss Plaintiff's objection to Defendant's costs.

We next turn to Plaintiff's motion for sanctions against Defendant. First, we find that Plaintiff committed a fatal procedural error by not first serving her motion for sanctions to Defendant before submitting it to this Court. Separately, we also find on the merits that neither Defendant nor Defendant's counsel committed any unethical or otherwise sanctionable act. Plaintiff alleges that Defendant submitted (1) fabricated transcripts of the parties' May 2020 meetings, (2) doctored pay raise documentation, and (3) a doctored self-evaluation form. ECF No. 87 at 5-6.

Plaintiff's motion for sanctions fails on procedural grounds. Rule 11 requires that

> A motion for sanctions must be made separately from any other motion and must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service…

Fed. R. Civ. P. 11. Plaintiff does not appear to have served either her attorneys or Defendant with sanctions before filing them with this Court. Accordingly, her motions must be denied. *See In re Nat. Gas Royalties Qui Tam Litig.*, No. 99MD1293D01MD1679, 2005 WL 8158431, at *1 (D. Wyo. Oct. 27, 2005) ("Because

Relators' did not file a proper motion pursuant to Rule 11, the Court erred in awarding attorneys' fees and costs as a sanction.").

We also independently deny these sanctions on their merits. Turning to Plaintiff's first allegation, we find that Defendant has not submitted any fabricated transcripts; in fact, it exclusively used Plaintiff's transcripts. In her motion, Plaintiff submits a transcript (Exhibit 2, ECF No. 88-2 at 2-5) that she alleges was submitted by Defendant and which she claims differs materially from her version. However, it does not appear that Defendant ever submitted this transcript as evidence; Plaintiff does not indicate where it was used, and we cannot find any version of this transcript in the record. In fact, Defendant stated in its summary judgment motion that it exclusively cited transcripts produced by Plaintiff herself. ECF No. 60 at 4 n.1 ("Plaintiff allegedly recorded and provided transcripts of conversations with Redi employees. All transcripts and recordings cited herein were produced by Plaintiff.").

Defendant also does not appear to have doctored Plaintiff's pay raise documentation or her self-evaluation form. As Defendant notes, and Plaintiff does not dispute, the forms appear to be in two different states of completion – in other words, not maliciously doctored. ECF No. 98 at 4-5. Nor has Plaintiff indicated why any minor discrepancies in the submitted pay forms would be material to this case; it certainly is not clear to the Court how such tiny differences would have affected the outcome of this suit, nor how they would have been at all helpful to Plaintiff. Additionally, Plaintiff's allegations that her performance review was altered is not based on any information in the record. The form shows that Ms. Sloan first completed a self-evaluation, and then her

supervisor made notes on top of it. This is not considered an unethical alteration of evidence: the supervisor's notes were clearly distinct from Plaintiff's, and Defendant did not attempt to pass off one as the other. For both procedural and substantive reasons, Plaintiff's motion for sanctions against Defendant must be denied.

Finally, we turn to Plaintiff's motion for sanctions against her own counsel. These claims also fail, both substantively and for the same procedural flaws as mentioned above. Plaintiff's first allegation, that her lawyers did not submit certain pieces of evidence to this Court, is not sanctionable behavior; it is a disagreement over legal strategy. This Court is not the proper venue for such a dispute; if Plaintiff believes her representation was flawed, she may initiate a separate malpractice claim in state court or with this Court if she can satisfy the jurisdiction requirements of 28 U.S.C. § 1332.

Plaintiff also claims that her conversations with Michael Kelly, an associate at the same firm as the rest of her former counsel, breached client confidentiality. They did not. Wyoming's Rules of Professional Conduct explicitly authorize the sharing of client information within a firm: "Lawyers in a firm may, in the course of the firm's practice, disclose to each other information relating to a client of the firm, unless the client has instructed that particular information be confined to specified lawyers." Wyo. Rules of Prof. Conduct R. 1.6, Comment [5]. Plaintiff has provided no evidence that she had provided any such limiting instruction, nor does she object to Mr. Kelly joining the conversation with her lawyers in the audio recording she provided. ECF No. 87, Exhibit 6, 0:00-1:00. For all of these procedural and substantive reasons, Plaintiff's motion to sanction her own counsel must be denied.

## CONCLUSION

Having considered the written submissions, the applicable law, and being otherwise fully advised, **IT IS HEREBY ORDERED** that Plaintiff's *Objection to Defendant's Bill of Costs and Motion for Sanctions* (ECF No. 87) is **DENIED**.

Dated this 18th day of August, 2025.

Alan B. Johnson
United States District Judge